IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No.: |
| Plaintiff, | ) | |
| | ) | 1:02 CV 0516 |
| v. | ) | |
| | ) | |
| COLONIAL APARTMENTS, RMD PARTNERS, A/K/A RMD ENTERPRISES AND/OR STEPHENSON DEVELOPMENT, PAULA STEPHENSON, ROBERT STEPHENSON, DAVID STEPHENSON AND MICHAEL STEPHENSON, | ) ) ) ) ) ) ) ) ) | COMPLAINT<br><br>Gordon J. Quist<br>U.S. District Judge |
| | ) | |
| Defendants. | ) | |

The United States of America, by Margaret M. Chiara, United States Attorney, and Charles R. Gross and Michael L. Shiparski, Assistant United States Attorneys, hereby alleges:

1. This action is brought by the United States to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619. It is brought on behalf of Nandi Chendori and her minor children, Dexter Ramirez and Jerry Varnado, and the Grand Rapids Housing Center.

2. This Court has jurisdiction over this action under 28 U.S.C. § 1345 and 42 U.S.C. § 3612(o).

3. At all relevant times Colonial Apartments, located at 2736 44th Street,

3. At all relevant times Colonial Apartments, located at 2736 44th Street, Grand Rapids, Michigan, was owned by Defendants RMD Partners, a/k/a RMD Enterprises. RMD Enterprises is a partnership of three brothers: Robert Stephenson, David Stephenson and Michael Stephenson, who were residents of Grand Rapids, Michigan. Colonial Apartments is a multi-unit property consisting of eighteen apartments – four one bedroom units and fourteen two bedroom units.

4. The apartments in Colonial Apartments are dwellings within the meaning of 42 U.S.C. § 3602(b).

5. At all relevant times defendant Paula Stephenson, the wife of Robert Stephenson, was the rental agent and, along with Robert, the manager for Colonial Apartments. Paula Stephenson was responsible for showing the units, processing applications, and informing prospective tenants of the apartment rules and regulations.

6. On or about July 24, 1996, Ms. Chendori filed a timely complaint with the United States Department of Housing and Urban Development (hereinafter HUD), pursuant to Section 810(a) of the Fair Housing Act, as amended, 42 U.S.C. § 3610(a). Ms. Chendori alleged in that complaint, inter alia, that on or about July 24, 1995, Defendants engaged in unlawful discrimination against her and her children by making statements that indicated a preference limitation, or discrimination based on familial status and by refusing to rent a dwelling to them at Colonial Arms because of race and familial status.

2

7. In accordance with the requirements of 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of the complaint filed by Ms. Chendori, attempted conciliation without success, and prepared a final investigative report. Based on information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that discriminatory housing practices had occurred on the basis of familial status. The investigation concluded, however, that there was no reasonable cause to support Ms. Chendori's claims based on race. Accordingly, on March 25, 2002, the Secretary issued a charge pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Defendants with engaging in discriminatory housing practices in violation of Section 804 of the Fair Housing Act, 42 U.S.C. § 3604.

8. On April 19, 2002, defendants made a timely election to have the Charge resolved in a civil action in federal district court pursuant to 42 U.S.C. § 3612(a).

9. On April 22, 2002, the Acting Chief Administrative Law Judge issued a Notice of Election of Judicial Determination and terminated the administrative proceeding on the complaint filed by Ms. Chendori.

10. Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action pursuant to 42 U.S.C. § 3612(o).

11. By agreement of the parties, the date by which the United States could timely filed its federal complaint in this litigation was extended to

July 17, 2002.

12. On or about July 24, 1995, Ms. Chendori, an African-American mother of two sons, who were then aged nine and thirteen, responded to an advertisement in a local newspaper for a two bedroom apartment at Colonial Arms by calling and speaking to defendant Paula Stephenson. Mrs. Stephenson told her that the owners had a policy of allowing only one child per apartment. Ms. Chendori was not offered an appointment to see the advertised unit. Ms. Chendori immediately contacted the Fair Housing Center of Grand Rapids ("the Center"). Utilizing testers as prospective tenants, an investigation by the Center of Ms. Chendori's complaint supported her claims of discrimination on the basis of familial status at Colonial Arms. Among other things, testers posing as families with children who inquired of the availability of an apartment by telephone during the summer and fall of 1995 were informed by Paula Stephenson about the policy which limited the number of children who could reside in a unit to one child.

13. Through the actions described in paragraph 12, above, the Defendants have:

    a. refused to rent, or to negotiate for the rental of, or otherwise made unavailable or denied, a dwelling because of familial status, in violation of 42 U.S.C. § 3604(a);

    b. discriminated in the terms, conditions or privileges of the rental of a dwelling because of familial status, in violation of 42

4

U.S.C. § 3604(b); and

c. made, or caused to be made, statements with respect to the sale or rental of a dwelling that indicate a preference, limitation or discrimination because of familial status, in violation of 42 U.S.C. § 3604(c).

14. Nandi Chendori and her children are aggrieved persons as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of the Defendants' conduct.

15. The discriminatory actions of Defendants were intentional, willful and taken in disregard of the rights of others.

WHEREFORE, the United States asks that the court enter an order that:

1. Declares that the discriminatory housing practices of the Defendants as set forth above violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3619;

2. Enjoins the Defendants, their agents, employees, successors, and all other persons in active concert or participation with them from discriminating because of familial status against any person in any aspect of the rental of a dwelling;

3. Awards such damages as would fully compensate Nandi Chendori and her children for injuries caused by Defendants' discriminatory conduct, pursuant to 42 U.S.C.

§§ 3612(o)(3) and 3613(c)(1); and

    4. Awards punitive damages to Nandi Chendori and her children pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

The United States further asks for such additional relief as the interests of justice may require.

Respectfully submitted,

MARGARET M. CHIARA
United States Attorney

By: *[signature]*

CHARLES R. GROSS
Assistant United States Attorney
Chief, Civil Division

*[signature]*

MICHAEL L. SHIPARSKI
Assistant United States Attorney
5th Floor, The Law Building
330 Ionia Avenue, NW
Grand Rapids, Michigan 49503
616-456-2404

July 17, 2002